[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15714
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00201-RAL-TBM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTURO JIMENEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 21, 2013)

Before MARCUS, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

John E. Fernandez, appointed counsel for Arturo Jimenez in this direct

criminal appeal, has moved to withdraw from further representation of the

defendant, arguing that there are no non-frivolous grounds for Jimenez's appeal.

Fernandez filed a brief identifying three potential issues for appeal pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  In response to Fernandez's motion, Jimenez also raised an ineffective assistance of counsel claim.

After a careful, independent review, we do not find "anything in the record that might arguably support the appeal."  Id. at 744, 87 S. Ct. at 1400.  We note that Jimenez's ineffective assistance of counsel claim is not yet ripe for appellate review.  This Court does not usually address claims for ineffective assistance of counsel on direct appeal except in the "rare instance when the record is sufficiently developed."  United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008) (quoting United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005)).  If Jimenez wishes to appeal his conviction or sentence on ineffective assistance of counsel grounds, he should do so in a habeas proceeding under 28 U.S.C. § 2255 so that he may have an "opportunity fully to develop the factual predicate for the claim."  Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003).

Because our independent review of the record revealed no arguable issues of merit that are cognizable at this time, counsel's motion to withdraw is **GRANTED**, and Jimenez's convictions and sentences are **AFFIRMED**.